# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 11-2546
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Diablo S. William, | * |
| | * |
| Appellant. | * |

_____

Submitted: May 14, 2012
Filed: June 14, 2012
_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

     Diablo S. William pled guilty to two counts of distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). William was released pending sentencing and subsequently arrested for robbery. At the sentencing for William's federal drug offenses, the district court[1] found that William's arrest for robbery and his attempts to manufacture exculpatory evidence meant that he was not entitled to a three-level reduction for acceptance of responsibility in his advisory

_____

[1] The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

sentencing Guidelines offense level. The court sentenced William to 262 months imprisonment on each count, to be served concurrently. William appeals his sentence, arguing that the court erred procedurally by denying him the three-level reduction. We affirm.

I.

On March 26, 2010, and April 10, 2010, William sold half-ounces of crack cocaine to a confidential informant of the Government. A federal grand jury returned an indictment charging William with two counts of distributing five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). William pled not guilty to the charges at his initial appearance and arraignment, but on January 14, 2011, he appeared before a magistrate judge and pled guilty to both counts without a plea agreement. After his initial appearance, William was released from custody under conditions of pretrial release.

On March 3, 2011, the district court accepted William's guilty plea. Six days later, William was arrested on a state felony warrant and a pretrial violation warrant for the February 23, 2011 robbery of two individuals in a convenience store parking lot. A law enforcement officer was able to identify William as one of the perpetrators after viewing video footage taken by the store. While in custody for the robbery, William made phone calls from jail to two individuals and arranged for them to provide false statements to the police and the state court prosecutor. Specifically, William asked the men to falsely confess to the robbery, to exculpate William of any involvement, and to bribe the victim witnesses so as to prevent them from testifying.

Before William's arrest on the state felony robbery charge, the Probation Office had prepared a presentence investigation report (PSR) for William. After the arrest, the Probation Office prepared a revised PSR. The revised PSR held William responsible for 24.1 grams of crack cocaine and placed William's base offense level

Appellate Case: 11-2546    Page: 2    Date Filed: 06/14/2012 Entry ID: 3921847

at 24 pursuant to United States Sentencing Commission, Guidelines Manual, §2D1.1(a)(5) and (c)(8). The revised PSR also determined that William met the definition of a career offender under Guidelines section 4B1.1(a) and adjusted his offense level to 34 under Guidelines section 4B1.1(b)(2). The revised PSR recognized that William had "admitted responsibility and acknowledged his participation in the instant offense" and "also timely notified authorities of his intention to enter a guilty plea." However, the revised PSR recommended no reduction for acceptance of responsibility under Guidelines section 3E1.1 due to William's involvement in the robbery while on pretrial release. Because William fell within Criminal History Category VI and the revised PSR placed his total offense level at 34, William's advisory Guidelines range for each count was placed at 262 to 327 months imprisonment.

William filed objections to the revised PSR, arguing that he was entitled to a reduction for acceptance of responsibility and disputing the facts regarding the robbery. The Government initially adopted the PSR, but then later amended its position to argue that William's conduct in suborning perjury from witnesses and attempting to bribe the victims warranted a sentencing enhancement for obstruction of justice.

At sentencing, the district court denied the Government's request for an enhancement for obstruction of justice, finding it "largely moot" because any enhancement would be "subsumed in the career criminal calculation." William argued that the state robbery charge should not affect the determination of whether he had accepted responsibility for a federal crime, but the court agreed with the PSR that William was not entitled to any reduction for acceptance of responsibility despite his guilty plea. The court primarily relied on an application note to Guidelines section 3E1.1, which states that the court may consider whether there has been a "voluntary termination or withdrawal from criminal conduct or associations" by the defendant when deciding whether to grant the reduction. USSG §3E1.1, comment.

-3-

Appellate Case: 11-2546     Page: 3     Date Filed: 06/14/2012 Entry ID: 3921847

(n. 1(B)). The court found that William's participation in a robbery while awaiting sentencing and his unlawful attempts to escape prosecution for the robbery "means that the defendant has not accepted responsibility under the letter and the spirit of the guideline." The court sentenced William to 262 months imprisonment on both counts, to be served concurrently. This timely appeal followed.

## II.

On appeal, William renews his challenge to the district court's decision not to apply a reduction to his offense level for acceptance of responsibility. "We review the district court's denial of an acceptance of responsibility reduction for clear error." United States v. Smith, 665 F.3d 951, 957 (8th Cir. 2011). "A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation." United States v. Winters, 416 F.3d 856, 860 (8th Cir. 2005).

William's argument boils down to a disagreement with how the district court weighed the facts. William is correct when he states that his guilty plea and his truthful admission of the conduct comprising the offense of conviction was significant evidence in favor of an award of the acceptance-of-responsibility reduction under application note 3 to Guidelines section 3E1.1. However, the application note also states that "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility" and that "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." USSG §3E1.1, comment. (n. 3). William acknowledges this language and argues that the robbery and his subsequent illegal behavior was not conduct sufficient to overcome the evidence in this case. He cites no cases or other support for this contention.

-4-

We have consistently affirmed the denial of the acceptance-of-responsibility reduction to "defendants whose conduct belies their claims of contrition." United States v. Nguyen, 52 F.3d 192, 194 (8th Cir. 1995). "Unlawful conduct . . . need not be directly related to the underlying offense to preclude an acceptance-of-responsibility reduction." Peters v. United States, 464 F.3d 811, 813 (8th Cir. 2006) (per curiam). See also United States v. Arellano, 291 F.3d 1032, 1035 (8th Cir. 2002) ("Even unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate . . . and a defendant's behavior in jail while awaiting sentencing is a relevant consideration." (citation omitted)). Here, the district court was entitled to consider William's involvement in a robbery and his attempts to manufacture exculpatory evidence from jail in determining whether William had clearly accepted responsibility for his federal crimes. At sentencing, the court gave a thorough and well-reasoned explanation as to why William did not merit the reduction. Accordingly, we find no error, let alone clear error, in the court's decision.

III.

We affirm the sentence imposed by the district court.

_____

Appellate Case: 11-2546     Page: 5     Date Filed: 06/14/2012 Entry ID: 3921847