## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:10CR248** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DIABLO WILLIAM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the Defendant's pro se motion to extend the time for filing a motion under 28 U.S.C. § 2255 (Filing No. 77).  Also before the court is a letter from the Defendant, which has been construed as a motion for copies (Filing No. 78).

On June 14, 2012, the Eighth Circuit Court of Appeals affirmed this Court's judgment on direct appeal.  (Filing Nos. 70, 71)  Because the Defendant did not file a petition for a writ of certiorari, his conviction became final on September 15, 2012, when his deadline to file a petition for a writ of certiorari expired.  *United States v. Martin,* 408 F.3d 1089, 1090 (8th Cir. 2005) (the deadline for filing a petition for writ of certiorari is ninety days from the date of judgment).  The Defendant has one year from that date, or September 16, 2013, to file his § 2255 motion.  28 U.S.C. § 2255(f).

***Extension of Time***

The Defendant requests a 60-day extension to file his § 2255 motion and lists several reasons, including that, "He has been subject to multiple lockdowns that have impeded his legal research capabilities." (Filing No. 77, at 3 and 4.)    Because of the representations made by the Defendant of his inability to have access to legal materials to perform legal research, the motion for an extension of time will be granted.

*Copies*

William directed a letter to the Clerk of Court describing a "resentence on December 05, 2012" due to a motion that was filed on his behalf under 18 U.S.C. §3582. The Defendant requests, "all documents (revised PSI, transcripts, ect. [sic]) that involved my re-sentencing." On December 5, 2012, the Court entered an order (Filing No. 75) reducing his sentence under 18 U.S.C. §3582(c)(2) and that reduction was pursuant to the Court's own motion. There was no hearing, nor were a revised PSI or transcript prepared in connection with the Defendant's sentencing reduction.

After a defendant files a motion pursuant to 28 U.S.C. § 2255, and only if he has been allowed to proceed with his § 2255 motion in forma pauperis, may the Court determine whether any court documents may be provided to the defendant without cost. 28 U.S.C. § 2250. Therefore, the motion for copies will be denied.

IT IS ORDERED that:

1.    The Defendant's Extension for § 2255 motion for post conviction relief (Filing No. 77) is granted and Defendant shall file his motion on or before November 12, 2013;

2.    The Defendant's letter which has been construed as a motion for copies (Filing No. 78) is denied; and

3.    The Clerk shall mail a copy of this Order to the Defendant at his last known address.

DATED this 23rd day of August, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge