UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DIABLO WILLIAM | ) | |
| PETITIONER | ) | CASE NO: 8:10CR248 |
| VS. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| RESPONDENT | ) | |
| | ) | |

PETITION FOR HABEAS CORPUS RELIEF PURSUANT TO TITLE 28 OF THE UNITED STATES CODE §2255 BY A PRISONER IN FEDERAL CUSTODY

COMES NOW THE PETITIONER, DIABLO WILLIAMS, ACTING PRO SE, HEREBY MOVES THIS HONORABLE COURT FOR HABEAS CORPUS RELIEF PURSUANT TO TITLE 28, OF THE UNITED STATES CODE §2255

Petitioner respectfully request this Court
to hold the petitioner to less stringent
standard then formal pleadings drafted by
lawyer. Haines vs. Kenner 30 L.Ed. 652

Respectfully Submitted this day 4 Day of November 2013

Diablo Williams

STATEMENT OF CASE

On March 26, 2010 and April 10, 2010 the peitioner was accused of seloing half-ounce quantities of crack cocaine to a confidential informant. A Grand Jury returned an indictiment charging the petitioner with two counts of distributing 5 grams or more of crack cocaine. The petioenr originally pled not guilty to the charged indictment. But in January of 2011 the petitioner chang3ed his plea and pled guilty to both counts of the charged inictment without a plea agreement. This Court accepted my plea and sentenced me on July 5th 2011 to 262 months imprisonment on each count, to be served concurrently.

AT sentencing tow main issues were presented before this court; (1) Petitioner's reduction for acceptance of responsibility (2) Whether the FSA - Fair Sentencing Act applied to petitioner. This Court found that petitioner would not recieve tha benifit of his acceptance of resonsibility or the FSA.

The peitioners attorny file a notice of appeal, and thereafter submitted an appeal to the Eighth Circuit Court of Appeals. Peitioner's attorney only argued petitioner's reduction for acceptance of resonsibility, failing to argue the critical issue of "Does the more lenient penalty of the FSA apply to the peitioenr. Petitioenr's appeal was denied on June14, 2012 denying his reduciton for acceptance of resonsibility. Days later on June 21 2012 the Supreme Court decided in U.S. V. Dorsey that the FSA more lenient mandatory minimumes provision applied to defendant's in petitioenr's position, those who committed thier crimes before August 3, 2010 but were sentenced after that date.

BASIS OF CLAIM

Under 28 U.S.C. §2255 (a) states in part a prisoner in custody under sentence of a court established by act fo Congress claiming the right to be dreleased upon the ground that the sentence was imposed in violation of the constitution or laws of the U.S.,or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attacks, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

CASE LAW AND STATUE

STATUE:

28 U.S.C 2255

FAIR SENTENCING ACT (FSA)


CASE LAW:

HAINES VS KENNER 30 L.ED. 652

U.S. VS DORSEY 132 S.CT.2321

U.S. VS PEPPER 179 L.ED. 196

U.S. VS WALDER 580 F.3D 699

U.S. VS BRAGGS 511 F.3D. 808

**THE PETITIONER ASSERTS THAT HIS CONSTITUTIONAL RIGHTS WERE VIOLATED ON APPEAL AND DURING THE MODIFICATION OF HIS SENTENCE, BASED UPON THE FOLLOWING ERRORS OF APPELLANT COUNSEL AND THE SENTENCING COURT**

**PREJUDICIAL ERROR ONE (A1):**

Denial of Petitioner's 6th Amendment right to Effective Assistance of Counsel for failing to raise the FSA issue on direct appeal.

**PREJUDICIAL ERROR ONE (1B):**

Denial of Petitioner's 6th Amendment right to Effective Assistance of Counsel when counsel prepared his legal issue while potentialy being under the influence of narcotics or at the least while being subject to legal matter after being in possesion of marijuana during a traffic stop

**PREJUDICIAL ERROR TWO:**

Denial of Petitioner's right to due process after the Court modified petitioner's sentence to a time that exceeded his guideline range, as well as subjecting petitioner to a statute that no longer applys to him due to the Fair Sentencing Act

## Prejudicial Error: One (1A-1B)
### Denial of Peitioner's 6th Amendment right to Effective Counsel

Peititoner asserts his attorney was ineffective for not arguing that the FSA was applicable to him on his direct appeal. During petitioner's sentencing hearing the more lenient penalty of the FSA was one of the issues presented before the sentencing court. The argument applying the FSA to the petitioner was clearly perserved for Appeal. The appeal that the petitioner's attorney filed shold have included the FSA argument in it. If not for petitioner's attorney deficient performance and had counsel appealed this issue, the petitioner's case would ahve been remanded to the District Court for the purpose of conducting "A New Sentencing Hearing" citing U.S. vs Dorsey 132 S.Ct. 2321

On June 21, 2012 the Supreme Court held that the FSA applied to Defendants who were sentenced after August 3, 2010 (the effective date of the FSA) but whos conduct was before that date. Prior to the Supreme Court's ruling in Dorsey the petitioenr's statutory mandatory minimum was 5 years (841 (b)(1)(b)). Although now under the FSA the petitioner has no mandatory minimum (841(b)(1)(c). By being sentenced under the Pre-FSA the petitioenr's mandatory minimum, statutory crime, and sentence exposure was increased, which prevented this court from exercising its descretion in imposing a proper sentence.

Petitioner's new sentence was based on an incorrect statutory penalty. There was no explanation or indication that the District Court would have imposed that same term of imprisonment on remand if the mandatory minimum were lower, especially with no statutory minimum in a Post-Booker advisory guideling era. There is no basis to determine that counsel's ineffectiveness was harmless. With a new sentencing hearing (which the petitioner would have received if not for his attorney's defiecent performan( unlike a 3582 (c)(2) which is only a modification of a

sentence that is limited unde 1b1.10 (U.S.S.G.), a petitioner can ask for and receive a departure from the advisory guideline range.

Had Petitioner's attorney presented this argument to the Appeals Court, the petitioner's sentence would ahve been set aside, and his case remanded to the District Court by the Appeals Court (citing Dorsey) for the purpose of conducting a new sentencing hearing to apply the more lenient statutory penalties of the FSA to the defendant.

## Prejudicial Error: 1B

Why Counsel did not raise the FSA issue to the Appellant Court after it was preserved in the lower Court is not known at this time. What is known is that on April 1, 2012 Petitioner's Counsel (Shapiro) was pulled over in a traffic stop by state patrols. During this traffic stop, state troopers detected an ordor of marijuana and discovered more than an ounce of marijuana in counsel's vehicle. See exhibit 1

This incident occured during the time petitioner and his counsel was preparing for direct appeal. From this information it can be infered that counsel may have been under the influence of a controled substance while preparing petitioner's appellant brief. Morefore, counsel's

legal matters surrounding his illegal conduct had an adverse effect on his ability to think strategicly and effectively when preparing and submitting the motion the Appellant Court.

Counsel's actions-being in possession of marijuana and being under the influence of marijuana-goes to the hear of being ineffective during the appeals preperation process. Counsel had a duty to withdraw earlier then he originally did. He should have withdrawn from Petitioner's case as soon as he was faced with legal issues hisself. In fact he should not have been representing petitioner at any stage of the proceeding when he was knowingly and intentionally involved in criminal activity throughout his representation of petitioner. In finally withdrawing from Petitioner's case he had the right ideal, but Attorney Shapiro

acted to late to secure petitioner's best interest, as shown when he failed to raise the FSA issue to the Appellant Court.

## Prejudicial Error Two

Petitioner's 6th Amendment right to Due Peocess was violated when the Court resentenced Petitioenr to a time that exceeded his guideling range.

Petitioner was originally sentence to 262 months. After the Dorsey decision, the District Court on its own initaitive modified petitioenr's sentnce to 210 months. The Court in modifying the sentence used a base offense level of 24 and a history category of VI. See Exhibit B

A base offense level of 24 and a history category of VI holds a sentencing range of 100 to 125 months. Petitioenr's sentence exceeded the maximum guideline range by 85 months (over 7 years). The Court, in applying a sentence that was outside the guideline range failed to express a reason for applying the sentence it imposed.

> " IF the Court determines thata sentence outside of the guideline range is called for, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance". 580 F.3d 699 United STates V. Walder.
> "The sentence chosen should be adequately explained so as to allow for meaningful appellate review and to promote the preception of fair sentencing".
> United States v. Braggs 511 F.3d 808,812(8th Cir.)

The Court failed to justify why it chose to give Petitioner a sentence that exceeded his guideline range. Without adequately explaining itself, the court imposed a sentence that is unfair and illegal. Morefore it violates petitioner's right to due to process of law.

Along with recieving a sentence that violated his right to due process, petitioner should have been provided the opportunity to recieve a new sentencing hearing. Petitioner was originally charged with 841(b)(1)(b) which carried a mandatory sentence of five years and a maximum sentence

of 40 years. After being eldigibel for the benifits of the FSA, it became necessary that his charge be reduced to 841(b)(1)(c) to reflect the 24.1 grams of crack cocaine contributed to him.

Following the FSA and Dorsey case the 24.1 grams of crack cocaine puts petitioenr in a diffrent statutory provision 841(b)(1)(c)-Whcih in essence is a diffrent class feloney, with a lower minimum and maximum sentencing range as well as status fo supervised release. Thow petitioner is entitled to these lowe statutory provisions he is still sentence under the 841(b)(1)(b) statute. If any laws or B.C.P. policies are changed which directly effects "Post-Dorsey" modifications, these laws or policies may not benifit petitioner since his charge still reflects the "Pre-Dorsey" statutory and class felony

For the reasons above Petitioner needs a new sentencing hearing to correct the statutory provision from 841(b)(1)(b) to 841(b)(1)(c). With the new sentencing hearing he will be able to have all the benifits of 841(b)(1)(c) applyed to his case, an act of fairness that cannot be addressed without a proper sentencing. Also the court will be able to consider petitioner' post-sentencing efforts, a relevant point of interest under United States vs. Peppers 179 L.Ed. 196

In all Petitioner's sentence exceeds his guideline range by 7 years making his sentence unfair and illegal in violation of his right to due process. The statutory provision he is under is wrong, and exposes him to a higher class felony with grave consequences in the event that laws and policies are executed in his favor Post-Dorsey. Finally, as any other Defendant with rights to be resentence; Petitioner should be provided the opportunity to bring to the court's attention his clear conduct and post-sentencing rehabiliation efforts.

# CERTIFICATE OF SERVICE

I, Diablo William, do hereby certify under the penalty of perjury, 28 U.S.C. § 1746, that I have served a true and correct copy of the foregoing document(s):

PETITION FOR HABEAS CORPUS RELIEF PURSUANT TO TITLE 28 OF THE UNITED STATES CODE 2255 BY A PRISONER IN FEDERAL CUSTODY

which, pursuant to *Houston v. Lack*, 487 U.S. 266, 101 L.Ed. 2d. 108 .Ct. 2379 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and/or their attorney(s) of record.

I have placed the material referenced above in a properly sealed envelope with first-class postage (stamps) affixed and I addressed it to:

OFFICE OF CLERK
UNITED STATES DISTRICT COURT
111 S. 18TH PLAZA SUITE 1152
OMAHA, NE 68102

and deposited said envelope *via* hand delivered to the Mail Room Staff at the United States Penitentiary Pollock, LA, on this 4 day of 20 13.

Respectfully submitted,

Diablo William
Reg. No.
U.S. Penitentiary Pollock
P.O. Box 2099
Pollock, LA 71467

November 4, 2013

2008



PUBLISHED MONDAY, APRIL 30, 2012 AT 1:00 AM / UPDATED AT 1:45 PM

*[handwritten: drugs on lawyer]*

# A break for 2 lawyers with pot?

By Todd Cooper
WORLD-HERALD STAFF WRITER

Two attorneys.

Two allegations of marijuana offenses.

Two admissions into diversion programs.

No convictions.

Omaha attorneys Thomas Walsh Jr. and Glenn Shapiro have received no favorable treatment for their separate cases, prosecutors say.

The Douglas County Attorney's Office allowed Walsh, 57, to go through a felony diversion program after prosecutors originally accused him of conspiring to smuggle marijuana into the Douglas County Jail.

City prosecutors, meanwhile, decided to allow Shapiro, 48, to go through a diversion program for misdemeanor marijuana possession after the defense attorney was pulled over April 1 on Interstate 80 in Omaha. State Patrol spokeswoman Deb Collins said troopers detected the odor of marijuana and discovered more than an ounce of marijuana in Shapiro's sport utility vehicle.

Though Walsh originally faced much more serious charges than Shapiro, both will end up with similar results. As first-time offenders, both lawyers qualified for diversion programs that require participants to complete community service or attend classes. Under state law, completion of the programs eventually wipes the offense off of their public records.

Douglas County prosecutors say the case against Walsh, who maintains his innocence, was hampered by a lack of cooperation from key witnesses.

City prosecutors say the State Patrol gave Shapiro a defective citation but that he has chosen to go through diversion anyway.

A look at each case:

**Thomas Walsh Jr.**

Walsh was charged in 2010 with two felonies — each punishable by probation or up to 20 years in prison — after authorities accused him of trying to sneak marijuana to an inmate





Latest | Popular | Recommended

Ex-finance chief for Westside schools indicted on 4 counts of embezzling · 5:25 pm

Harrah's hopes to move Council Bluffs casino ashore · 2:00 pm

Omahan's goat-hunting trip in Alaska turned into a struggle for survival · 12:32 pm

Fact check: Did Ewing pass laws? Not really · 11:47 am

Looking ahead: Univ. of Phoenix closing campuses nationwide; residents allowed home after wildfire tamed · 11:46 am

Absent OPS principal won't return to school this year · 11:44 am

More details in probe of OPS lawyer's actions · 11:41 am

Joe Ricketts buys $220K in ads bashing Bob Kerrey · 11:32 am

Windy conditions tossing around debris · 11:10 am

Kerrey pedestrian bridge closure starts today · 9:52 am

monitoring Walsh.

On Dec. 1, Walsh met with Kathryn Nuzum, the sister of another inmate, in the jail parking lot. She handed him a package.

When Walsh tried to enter the jail to meet with Moore, staffers stopped him and asked him what was in the package. Walsh said it contained "legal papers for Moore from his family," according to a sheriff's affidavit.

Officials told Walsh he couldn't take the package inside. Walsh placed it in a public locker and went upstairs to meet with Moore.

When he returned, officials asked whether they could look inside the package. Walsh agreed. Staff members found about an ounce of pot and four ounces of tobacco, rolling papers and 47 blank pieces of paper.

Moore told jail officials Walsh had delivered pot, cigarettes and other items to him for months. He later denied that account in a letter to The World-Herald.

Walsh said he is innocent of the charges and isn't a marijuana user.

Walsh said he had been meeting with Moore, who was facing a robbery and theft charge, to help him obtain powers of attorney over the financial affairs of Moore's ailing father. Moore then told Walsh that his father had died and that he needed help with the estate, Walsh said.

Walsh said he believed he was fetching legal papers from Nuzum to give to Moore. The longtime Omaha attorney said he recently completed a diversion program, which involved 100 hours of community service, and is eager to put the matter behind him.

"I don't believe I committed any sort of crime," Walsh said. "The stuff that was given to me ... it turned out to not be what (Moore) said it was. I had no idea that it was going to be any kind of substance that should not have been in there."

Douglas County Attorney Don Kleine said the prosecution was hindered by a lack of cooperation from either Moore or Nuzum.

Moore was acquitted of charges he stole a car and was extradited to North Carolina to face charges there. District Judge James Gleason dismissed a conspiracy charge against Nuzum, and Kleine said she refused to cooperate with authorities.

Asked if Walsh's original charges would typically end up in diversion, Kleine said: "No. But again, without some sort of corroborative witnesses, we would have had a hard time proving there was a conspiracy to bring drugs into the jail. All of our potential witnesses that we needed weren't cooperating."

Walsh had no record and wasn't accused of a violent offense, the basic requirements for diversion. He applied and was accepted.

Kleine said Walsh's status as an attorney was no factor in his treatment. "If anything, he was scrutinized even more," Kleine said.

### Glenn Shapiro

At 7:11 p.m. April 1, state troopers conducting a vehicle checkpoint at the Q Street exit of I-80, pulled over Shapiro because he had no front license plate attached to his 2010 Ford Expedition.

A trooper detected the odor of marijuana coming from Shapiro's vehicle. A search of the vehicle uncovered more than an ounce of marijuana.

Shapiro was ticketed for possession of drug paraphernalia and possession of an ounce but


Breaking Brad: 20,000 speeding tickets in 2 weeks

* In the village of Elmwood Place, Ohio, an incredible 20,000 speeding tickets were written in two weeks. This, after Elmwood Place took the bold action of making the speed limit 3 mph.


DailyDealOmaha.com — King Kong Restaurants — $7 for $14 of Food & Beverages at King Kong Restaurants! BUY NOW!

**PHOTO GALLERIES »**

 

10/07/2012 Japanese Ambience Festival at Lauritzen Gardens

10/15/2012 -- World-Herald Week in Pictures: Oct. 8-14, 2012

ADVERTISEMENT

DailyDealOmaha.com — Today's Deal: $7 for $14 of Food & Beverages at King Kong Restaurants! Buy Now!

**SPOTLIGHT »**


**Bundles of Joy Baby Page**
Include your new arrival in this special keepsake section.

**WORLD-HERALD ALERTS »**

Want to get World-Herald stories sent directly to your home or work computer? Sign up for Omaha.com's News Alerts and you will receive e-mails with the day's top stories.

Email: [Enter Email]
Submit

☑ Breaking News
☑ Daily headlines newsletter
☑ Big Red Today
☑ GO - Entertainment news

ADVERTISEMENT

misdemeanor punishable by probation or up to 90 days in jail.

However, the trooper wrote down the wrong time for Shapiro's first court appearance. Traffic offenses are handled in the morning in Douglas County; misdemeanor criminal offenses such as marijuana possession are handled in the afternoon.

Because law enforcement is required to give proper notice to defendants of hearing times, data entry technicians sent Shapiro's citation back to state troopers, City Prosecutor Marty Conboy said.

The State Patrol, in turn, contacted Conboy to see whether it should re-cite Shapiro with a correct court date. At the time, Conboy said, Shapiro happened to be at the City Prosecutor's Office, applying for the diversion program.

Conboy told troopers not to bother issuing Shapiro a correct citation.

End result: Shapiro's marijuana offense does not show up in court records or in Justice, a state online database that is accessible by the public.

Court officials typically keep track of even those offenses that go through diversion, in case any further offenses occur and second-offense charges are in order. Because of the faulty citation, Conboy acknowledged, no court record will exist to show Shapiro's first offense.

Because Shapiro is going to go through diversion, the city prosecutor said he doesn't think it's necessary to have troopers fix the error and cite Shapiro again.

"At some point it becomes a question of police resources," Conboy said. "How much time and effort do you spend to go track them down?"

Shapiro said there will be no more offenses. "I am clean and I have been clean," he said.

He said he wasn't smoking the marijuana, nor was he driving under the influence. He said troopers must have "smelled the odor of the actual substance."

"There is no allegation that I was using, that I was under the influence of it at all," Shapiro said. "But the fact is, I had constructive possession of it. It doesn't matter how or why it ended up in my car."

Conboy said anyone with Shapiro's clean record could have applied for, and received, diversion. Conboy plans to have the attorney fulfill his diversion requirements by speaking with defendants about the impact that crimes have on victims.

"Special treatment would be someone dismissing the citation," Shapiro said. "Marty has treated me exactly as he would anyone else."

Contact the writer:
402-444-1275, todd.cooper@owh.com

Copyright ©2012 Omaha World-Herald. All rights reserved. This material may not be published, broadcast, rewritten, displayed or redistributed for any purpose without permission from the Omaha World-Herald. To purchase rights to republish this article, please contact The World-Herald Store.



DailyDealOmaha.com
Today's Deal:
$7 for $14 of Food & Beverages at King Kong Restaurants!
Buy Now!

TOP JOBS

Tooling Engineer
10.13.12 | Manufacturing/Production

Sales Account Executive
10.16.12 | Sales/Retail

Sales Account Executive
10.14.12 | Sales/Retail

CAREGiver
10.13.12 | Part-time

AO 247 (02/08) Order Regarding Motion for Sentence Reduction

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:10CR248 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | USM No: 23617-047 |
| | ) | |
| Diablo William, | ) | David Stickman |
| Defendant. | ) | Defendant's Attorney |
| Date of previous judgment: 07/05/11 | ) | |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon the Court's own motion and pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 262 months is reduced to 210 months. The Clerk is directed to deliver a copy of this Order to the U.S. Marshal.

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

| | | | | |
|---|---|---|---|---|
| Previous Offense Level: | 24 | Amended Offense Level: | 24 | |
| Criminal History Category: | VI | Criminal History Category: | VI | |
| Previous Guideline Range: | 262 to 327 months | Amended Guideline Range: | 210 to 262 months | |

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

[✓] The reduced sentence is within the amended guideline range.

[ ] The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

[ ] Other (explain):

**III. ADDITIONAL COMMENTS**

Except as provided above, all provisions of the judgment dated 07/05/11 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2012
Effective Date: December 5, 2012

s/Laurie Smith Camp
Chief United States District Judge

Diablo William 33619-047
USP
P.O. Box 2099
Pollock, LA 71467

UNITED STATES PENITENTIARY
POLLOCK
POLLOCK, LA

DATE 11-2-2013

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

RECEIVED
NOV 12 2013
CLERK
U.S. DISTRICT COURT
OMAHA

A1

Office of the Clerk
United States District Court
Roman L. Hruska U.S. Courthouse
111 S. 18th Plaza, Suite 1152
Omaha, NE 68102-1322