IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:10CR248** |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **DIABLO S. WILLIAM,** | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions filed by the Defendant, Diablo S. William: Petition for Habeas Corpus Relief Pursuant to Title 28 of the United States Code § 2255 by a Prisoner in Federal Custody (§ 2255 motion) (Filing No. 80); Motion to Appoint Counsel (Filing No. 81); and Motion for Leave to Proceed In Forma Pauperis (Filing No. 82). His § 2255 motion includes a request for a new sentencing hearing.

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

William pleaded guilty to a two-count Indictment charging him with distributing 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). He was a career offender, subject to

the Chapter Four enhancement. His total offense level was 34, and his criminal history category was VI, resulting in a guideline range of 262 months to 327 months on each count. On July 5, 2011, he was sentenced at the lowest end of the guideline range, a term of 262 months on Count I and 262 months on Count II, to run concurrently, and to be followed by five years of supervised release on each count, also to run concurrently. At the time of the sentencing, William's counsel, Glen Shapiro, noted that he anticipated that the Fair Sentencing Act of 2010 would be applied retroactively by the Sentencing Commission in November 2011 offering relief to offenders such as William, reducing his guideline range, and requiring resentencing. The Court noted the anticipated retroactive application of the Fair Sentencing Act, but declined to sentence in anticipation of the change and contrary to then-binding precedent of the U.S. Court of Appeals for the Eighth Circuit.

Mr. Shapiro filed a timely appeal on William's behalf, and the Eighth Circuit affirmed this Court's Judgment on June 14, 2012. On December 5, 2012, following the Sentencing Commission's retroactive application of new guidelines under the Fair Sentencing Act, this Court on its own motion reduced William's sentence. His new total offense level was 32. Applying his criminal history category VI, the new guideline range was 210 months to 262 months on each count. The Court sentenced William at the lowest end of the new guideline range, 210 months on each count, to run concurrently.

On August 19, 2013, the Court granted William's motion for an extension of time to seek relief under 28 U.S.C. § 2255, and he timely filed his motion on November 12, 2013. In that motion, he presents two claims of "prejudicial error." His first claim asserts ineffective assistance of counsel, alleging (a) Mr. Shapiro failed to raise the issue of the

application of the Fair Sentencing Act on appeal, and (b) Mr. Shapiro prepared the appeal while "potentialy [sic] being under the influence of narcotics." His second claim asserts that when this Court modified his sentence in December 2012, pursuant to the Fair Sentencing Act, the Court exceeded the applicable guideline range without offering reasons for doing so.

## DISCUSSION

In order to establish a claim of ineffective assistance of counsel, William must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*.

Whether or not Mr. Shapiro raised any issues concerning the Fair Sentencing Act on appeal, and whether or not Mr. Shapiro was under the influence of any controlled substances during the time he represented William, William cannot demonstrate any prejudice to his defense. The Fair Sentencing Act was applied to William's sentence promptly once it was declared retroactive, and William received a sentence at the lowest end of the new guideline range.

With respect to William's second argument, suggesting that he was sentenced above the guideline range, there is a clerical error in Filing No. 75, the Court's Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). That order indicates that his "Previous Offense Level" was 24 and that his "Amended Offense Level"

was also 24. While that is true with respect to his base offense levels, with the career offender Chapter Four Enhancement, his Total Offense Level before the application of the Fair Sentencing Act was 34 and after the application of that Act was 32. An Amended Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) will be filed.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied and the request for a for a new sentencing hearing is also denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Petition for Habeas Corpus Relief Pursuant to Title 28 of the United States Code § 2255 by a Prisoner in Federal Custody (Filing No. 80);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 80) is summarily denied;

3. The Defendant's Motion to Appoint Counsel (Filing No. 81) and Motion for Leave to Proceed In Forma Pauperis (Filing No. 82) are denied;

4. A separate Judgment will be issued denying the § 2255 motion;

5. An Amended Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) will be issued reflecting William's correct Total Offense Levels before and after the application of the Fair Sentencing Act; and

6.	The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 20th day of November, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge