# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:10CR248 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| DIABLO S. WILLIAM, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Defendant's Notice of Appeal (Filing No. 86), which the Court also construes as a motion for leave to proceed in forma pauperis (IFP), and the Clerk's IFP Memorandum (Filing No. 87).

## FACTUAL BACKGROUND

William pleaded guilty to a two-count Indictment charging him with distributing 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). He was a career offender, subject to the Chapter Four enhancement. His total offense level was 34, and his criminal history category was VI, resulting in a guideline range of 262 months to 327 months on each count. On July 5, 2011, he was sentenced at the lowest end of the guideline range, a term of 262 months on Count I and 262 months on Count II, to run concurrently, and to be followed by five years of supervised release on each count, also to run concurrently. At the time of the sentencing, William's counsel, Glen Shapiro, noted that he anticipated that the Fair Sentencing Act of 2010 would be applied retroactively by the Sentencing Commission in November 2011 offering relief to offenders such as William, reducing his guideline range, and requiring resentencing. The Court noted the anticipated retroactive application of the Fair Sentencing Act, but declined to sentence in anticipation of the

change and contrary to then-binding precedent of the U.S. Court of Appeals for the Eighth Circuit.

Mr. Shapiro filed a timely appeal on William's behalf, and the Eighth Circuit affirmed this Court's Judgment on June 14, 2012. On December 5, 2012, following the Sentencing Commission's retroactive application of new guidelines under the Fair Sentencing Act, this Court on its own motion reduced William's sentence. His new total offense level was 32. Applying his criminal history category VI, the new guideline range was 210 months to 262 months on each count. The Court sentenced William at the lowest end of the new guideline range, 210 months on each count, to run concurrently.

On August 19, 2013, the Court granted William's motion for an extension of time to seek relief under 28 U.S.C. § 2255, and he timely filed his § 2255 motion on November 12, 2013. Although his motion under § 2255 was denied, the Court did issue an Amended Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) to correct a clerical error, reflecting William's correct Total Offense Levels before and after the application of the Fair Sentencing Act.

William's Notice of Appeal (Filing No. 86) purports to be a direct appeal of the Amended Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), and not a challenge to the denial of his Motion under 28 U.S.C. § 2255. The Court certifies that the appeal is not taken in good faith and, therefore, the motion to proceed in forma pauperis is denied. 28 U.S.C. 1915(a)(3).

IT IS ORDERED:

1. The Defendant is not granted leave to proceed with his appeal (Filing No. 86) in forma pauperis; and

2.  The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 9th day of December, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge