IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEBRASKA

| DIABLO S. WILLIAM, | ) | CASE NO. 8:10CR248 |
| --- | --- | --- |
| Petitioner, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

This matter is before the Court on the Motion to Supplement Pending § 3582(c)(2) in Light of Recent Supreme Court Decision in *Johnson v. Untied States* (Filing No. 113), submitted by Defendant Diablo S. William ("William"), which references William's previously filed Motion to Reduce Sentence (Filing No. 111) pursuant USSC Amendment 782. William was not eligible for a reduction pursuant to Amendment 782 because of his career offender status, and Filing No. 111 was denied by this Court's Order at Filing No. 118. The Court now liberally construes Filing No. 113 as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[1] ("§ 2255 Motion"). Also before the Court is Filing No. 120, a Motion to Withdraw filed by the Federal Public Defender, appointed pursuant to this Court's General Order No. 2015-03 (Filing No. 114).

---

[1]The Court notes that William previously filed a § 2255 Motion on November 12, 2013, and that motion was dismissed on November 20, 2013. Rule 9 of the Rules Governing Section 2255 Proceedings provides: "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." William did not obtain approval to file a successive § 2255 Motion from the Eighth Circuit Court of Appeals. The pending § 2255 Motion is subject to dismissal on procedural grounds, but in the interest of judicial economy and because of the unusual manner in which the pending Motion was presented by William, the Court will conduct the initial review of William's successive § 2255 Motion.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In William's pending § 2255 Motion, he asserts that his sentence should be reversed and his case remanded for resentencing pursuant to the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act (the "Act") was unconstitutionally vague, and therefore void. Recently, the Supreme Court held in *Welch v. United States*, 578 U.S. ___, ___ S. Ct. ___, 2016 WL 1551144 (April 18, 2016), the rule announced in Johnson was a new substantive rule with retroactive effect in cases on collateral review. Therefore, the Court will now conduct its initial review of William's § 2255 Motion.

A review of the Defendant's Presentence Investigation Report ("PSR") ("Filing No. 51) reveals that William was determined to be a career offender under § 4B1.1 of the Guidelines, due to two prior convictions for drug trafficking offenses and/or crimes of violence, *i.e.*, delivery of a controlled substance (cocaine) and robbery. Filing No. 51 at ¶¶ 43, 46. Assuming, without deciding, that the Supreme Court's decision in *Johnson* applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), and that such application has retroactive effect, William's argument is still without merit. The void-for-vagueness principle articulated by the Supreme Court in Johnson has no application to drug trafficking offenses, and

William's conviction for robbery under Nebraska law was pursuant to the "force" clause of the Guideline, § 4B.1.2(a)(1).

THEREFORE, IT IS ORDERED:

1. That the Court has completed initial review of Diablo S. William's Motion to Supplement Pending § 3582(c)(2) in Light of Recent Supreme Court Decision in *Johnson v. Untied States* ("§ 2255 Motion") (Filing No. 113);

2. The Court summarily dismisses Diablo S. William's § 2255 Motion;

3. The Federal Public Defender's Motion to Withdraw (Filing No. 120) is granted;

4. A separate Judgment will be issued denying the § 2255 Motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to Diablo S. William his last known address.

DATED this 29th day of April, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge