# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIABLO S. WILLIAM,<br><br>Defendant. | 8:10CR248<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Diablo S. William's ("William") correspondence interpreted as a motion for release "on behalf of The Compassionate Release Statute." (Filing No. 129). The motion seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated below, William's motion is denied.

William pleaded guilty to a two-count Indictment charging him with distributing 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). He was a career offender, subject to the Chapter Four enhancement. His total offense level was 34, and his criminal history category was VI, resulting in an advisory guideline range of 262 months to 327 months on each count. On July 5, 2011, he was sentenced at the low end of the guideline range to a term of 262 months on each count, to run concurrently, and to be followed by five years of supervised release on each count, also to run concurrently. On December 5, 2012, the Court reduced William's sentence to 210 months under the Fair Sentencing Act of 2010 and pursuant to 18 U.S.C. § 3582(c)(2). William's total offense level was reduced to 32.

Now pending before the Court is William's motion for compassionate release (Filing No. 129) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). As amended by the First Step

Act, § 3582(c)(1)(A)(i) permits William to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." William asserts, without evidence, that he has exhausted his administrative remedies with the BOP.

Assuming, without deciding, that William exhausted his administrative remedies, William does not present extraordinary and compelling reasons to support a reduction in sentence. In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13,1 lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id*. § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

2

William's motion is based solely on his post-conviction rehabilitation. William includes evidence that he has not been subject to BOP discipline, has completed several substance-abuse programs, and serves as a facilitator and tutor to other inmates. William's activities are commendable, but they cannot—on their own—constitute extraordinary and compelling reasons for compassionate release.

Considering the relevant factors set out in 18 U.S.C. § 3553(a), William was designated as a career offender and he has served just over half of his sentence. Because William's motion is based solely on his post-conviction rehabilitation, the Court finds that the balance of the relevant § 3553(a) factors and surrounding circumstances weigh against release. Accordingly, William's motion (Filing No. 129) is denied.

IT IS SO ORDERED.

Dated this 19th day of November 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge