IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:10CR248 |
| v. | |
| DIABLO S. WILLIAM, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Defendant Diablo S. William's ("William") Motion for Compassionate Release (Filing No. 134). The motion seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated below, William's motion is denied.

I.   BACKGROUND

William pleaded guilty to a two-count Indictment charging him with distributing 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). He was a career offender, subject to the Chapter Four enhancement. His total offense level was 34, and his criminal history category was VI, resulting in an advisory guideline range of 262 months to 327 months on each count. On July 5, 2011, he was sentenced at the low end of the guideline range to a term of 262 months on each count, to run concurrently, to be followed by five years of supervised release on each count, also to run concurrently. On December 5, 2012, the Court reduced William's sentence to 210 months under the Fair Sentencing Act of 2010 and pursuant to 18 U.S.C. § 3582(c)(2). William's total offense level was reduced to 32.

On October 9, 2020, William filed correspondence the Court interpreted as a pro se motion for compassionate release (the "pro se motion"). William's pro se motion was based purely on his post-conviction rehabilitation efforts (*See* Filing No. 129). The Court

denied William's pro se motion, concluding William failed to submit evidence that he exhausted administrative remedies and failed to present sufficient evidence of "extraordinary and compelling" reasons as articulated in 18 U.S.C. § 3582(c) or U.S.S.G. § 1B1.13. (*See* Filing No. 131).

William, now represented by counsel, again seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). William argues that in addition to his rehabilitation efforts, extraordinary and compelling reasons justifying release include his obesity and glaucoma. He also argues that his previous infection with COVID-19 left him with persistent shortness of breath, headaches, and kidney pain. Williams argues these health conditions and physical limitations place him at risk of severe illness and even death from COVID-19.

**II.    DISCUSSION**

As amended by the First Step Act, § 3582(c)(1)(A)(i) permits William to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is earlier." The evidence now shows that William submitted a request for compassionate release to the warden at his facility. His request was denied on August 4, 2020. More than thirty days have passed since he submitted his request. Accordingly, the Court turns to whether William has demonstrated extraordinary and compelling reasons for compassionate release under the circumstances of this case.

In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Having carefully reviewed the record in this case with these factors in mind, the Court finds William has not presented extraordinary or compelling reasons for release. In support of his motion, William notes his Body Mass Index of 32.4 makes him clinically obese. William argues that this condition puts him at a higher risk of serious illness or death from COVID-19. According to the Centers for Disease Control and Prevention ("CDC"), adults with obesity—defined by the CDC as a body mass index ("BMI") of at least 30 but less than 40—"are at increased risk for severe illness" from the virus that causes COVID-19.[2] Risks associated with COVID-19 increase as BMI gets higher. *See id*. With a BMI of 32.4, William is "slightly obese" which courts have held to be insufficient to

---

[1]This policy statement predates the First Step Act and does not govern the Court's review of William's request. The Court nonetheless finds it helpful in deciding whether to reduce his sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

[2]People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 14, 2021).

justify release. *United States v. McAbee*, No. 4:14-CR-40027, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020), *aff'd,* No. 20-2885, 2020 WL 8813969 (8th Cir. Sept. 15, 2020); *see also United States v. Milchin*, 2020 WL 4475902, at *1 (E.D. Pa. Aug. 4, 2020) (finding defendant's "slight obesity," BMI of 30.5, and elevated cholesterol did not justify early release).

Notwithstanding William's health conditions,[3] his risk of severe illness is significantly lower because he has been fully vaccinated against the COVID-19 virus. William received his first dose of the Moderna vaccination on March 17, 2021, and received his second dose on April 13, 2021. The CDC reported that "COVID-19 vaccines are effective at preventing infection, serious illness, and death" and also protect against "disease caused by Delta and other variants circulating in the U.S."[4] Although some vaccine breakthrough infections can occur, "[s]tudies so far show that vaccinated people are 8 times less likely to be infected and 25 times less likely to experience hospitalization or death."[5] Though studies on the effectiveness of the COVID-19 vaccines are ongoing, many courts—including this one—have concluded that the vaccines mitigate the risks of COVID-19 for purposes of compassionate release motions.[6]

---

[3] William also references his glaucoma as a possible risk factor. He offers no specific argument or evidence as to why his glaucoma puts him at greater risk, and the CDC has not identified glaucoma as a condition that increases the risk of severe illness associated with COVID-19.

[4] COVID-19, The Possibility of Breakthrough Infections After Vaccination, Centers for Disease Control and Prevention (updated December 17, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html.

[5] *Id.*

[6] *See, e.g.*, *United States v. Howell*, No. CR 14-303, 2022 WL 37435, at *3 (D. Minn. Jan. 4, 2022); *United States v. Lukowski*, No. 8:19CR15, 2021 WL 5882345, at *3 (D. Neb. Dec. 13, 2021); *United States, v. Kirk*, No. CR 19-213 ADM/HB, 2021 WL 4690862, at *3 (D. Minn. Oct. 7, 2021) ("Any risk of Kirk becoming infected and seriously ill from COVID-19 has been substantially reduced because he is now fully vaccinated.");*United States v. Zirkelbach*, No. 13-CR-1001-CJW-MAR, 2021 WL 3609299, at *5 (N.D. Iowa Aug. 11, 2021) ("[B]ecause the information currently available to the Court shows that vaccination significantly diminishes the risk COVID-19 poses, even to those who are more

Further, if William does suffer from a serious respiratory condition or is otherwise at high risk, he indicates that he has successfully recovered from COVID-19. Several courts have declined to grant compassionate release based on fears about reinfection. *See, e.g.*, *United States v. Anguiano*, No. CR 17-135, 2021 WL 1577650, at *4 (D. Minn. Apr. 22, 2021), aff'd, No. 21-2104, 2021 WL 5365216 (8th Cir. May 19, 2021); *United States v. Billings*, No. 19-cr-99, 2020 WL 4705285, at *5 (D. Colo. Aug. 13, 2020). Moreover, his successful recovery suggests the BOP was able to meet his medical needs while he was ill and would be able to care for him if he were reinfected. Courts have concluded that, to the extent a defendant bases a motion for compassionate release on fear of contracting COVID-19 after receiving a vaccine, such fear is "speculative" and is "based on a generalized fear of reinfection." *Howell*, 2022 WL 37435, at *3; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (a generalized fear of contracting COVID-19 is an insufficiently extraordinary and compelling reason to warrant release).

William's medical records show he is receiving regular care for his medical conditions. Moreover, because William has been vaccinated, his risk is significantly lower than it would have been. The relatively small risk that he could develop serious complications is too tenuous to warrant release. Based on the current evidence before the Court and the available scientific evidence of the effectiveness of the vaccine, William has not shown extraordinary or compelling reasons for compassionate release.[7]

---

vulnerable absent the vaccine, the Court gives minimal weight to the threat COVID-19 poses to defendant after becoming fully vaccinated."); *United States v. Peel*, No. 14-cr-00192 KJM CKD, 2021 WL 2875658, at *3 (E.D. Cal. July 8, 2021) (denying relief to elderly inmate suffering from hypertension, chronic obstructive pulmonary disease, benign hypertrophy of prostate, chronic viral hepatitis C, and malignant neoplasm of prostate, because he received vaccine); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (denying release for inmate with obesity and Type II diabetes because inmate received both doses of the Moderna vaccine).

[7]The Court has also considered William's evidence related to his significant rehabilitation efforts. William includes evidence that he has not been subject to BOP discipline, has completed several substance-abuse programs, and serves as a facilitator and tutor to other inmates. As the Court stated before, William's activities are commendable, but they cannot—on their own—constitute extraordinary and compelling reasons for

Additionally, considering the relevant factors set out in 18 U.S.C. § 3553(a), compassionate release is inappropriate. William was designated as a career offender, and he has served just over half of his sentence. The Court finds that the balance of the relevant § 3553(a) factors and surrounding circumstances weigh against release. Accordingly, William's motion (Filing No. 134) is denied.

IT IS SO ORDERED.

Dated this 25th day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

compassionate release. Nor are they sufficient when considered together with William's medical conditions.