IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:10CR248 |
| v. | |
| DIABLO S. WILLIAM, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Diablo S. William's ("William") Motion for Sentence Reduction (Filing No. 147) pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), that statute allows William to seek a sentence reduction when "extraordinary and compelling reasons warrant" it. 18 U.S.C. § 3582(c)(1)(A)(i).

William bears the burden of showing he is entitled to relief under § 3582(c)(1)(A), which is often referred to as "compassionate release." *See United States v. Avalos Banderas*, 39 F.4th 1059, 1061-62 (8th Cir. 2022). To qualify for judicial review, he must also either fully exhaust his administrative remedies with the Bureau of Prisons or wait thirty days after asking his warden to file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). William submitted with his motion a copy of his warden's denial of his request for relief, so he qualifies for judicial review.

The Court may reduce a sentence under § 3582(c)(1)(A)(i) only after considering the sentencing factors listed in 18 U.S.C. § 3553(a) "to the extent that they" apply and only if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The most pertinent policy statement is United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 1B1.13, which the Sentencing Commission amended effective November 1, 2023. As amended,

§ 1B1.13(b) states that "extraordinary and compelling reasons" for a sentence reduction can include one or more of the following: (1) the defendant's medical circumstances, (2) the defendant's age, (3) the defendant's family circumstances, (4) whether the defendant was a victim of abuse while in custody, (5) other circumstances similar in gravity to those listed, and (6) some changes in the law if the defendant "has served at least ten years" of "an unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."

Section § 1B1.13(c) clarifies that beyond those limited circumstances, most changes in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." Relying on 28 U.S.C. § 994(t), the Sentencing Commission also reiterated that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of" § 1B1.13 but can "be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *See* U.S.S.G. § 1B1.13(d).

This is not William's first motion for a sentence reduction under the First Step Act. On November 19, 2020, the Court denied (Filing No. 131) William's first motion to reduce. In evaluating William's request, the Court noted that it had previously reduced his sentence from 262 months in prison on each count (concurrent) to 210 months in prison on each count (concurrent) pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and 18 U.S.C. § 3582(c). Both sentences were at the bottom of William's Guidelines range.

The Court denied William's first motion because it was solely based on his post-conviction rehabilitation. While those efforts were commendable, the Court found they could not alone establish extraordinary and compelling reasons for his release.

William's second motion—filed on August 6, 2021,—also highlighted his post-conviction rehabilitation but added as grounds some medical concerns, including obesity, glaucoma, and lingering effects from a previous COVID-19 infection. The Court again denied relief (Filing No. 145), finding William did not present "extraordinary or compelling reasons for release." *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Court further found compassionate release was inappropriate in William's circumstances based on the relevant § 3553(a) factors.

In his current motion, William gives two reasons to reduce his sentence. First, William states he "seeks the reduction on the grounds that due to a recent change in law he would not be a career offender if he were sentenced today which would create an enormous sentencing disparity." More precisely, William "contends that if he were sentenced today he would not be a career offender due to the fact that his pri[o]r state drug offense would not qualify under §4B1.2(b)'s definition of 'controlled substance offense.'" William's second reason is his "post-conviction rehabilitation."

After careful review, the Court again finds the totality of William's individual circumstances do not warrant a sentence reduction. *See United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (explaining § 3582(c)(1)(A) "requires an individualized inquiry"). After the long-awaited amendments to § 1B1.13, the Court can consider "a change in the law" in very limited circumstances and can consider post-conviction rehabilitation "in combination with other circumstances in determining whether and to what extent" to reduce a defendant's sentence. The Court has also reviewed William's proposed release plan and letters of support, all of which lend weight to William's statements that he is not the man he used to be and "has a strong support system to help him re-enter society when he is released."

But having thoroughly considered William's latest request in light of his current individual circumstances and the relevant § 3553(a) factors, the Court finds he still has not shown "extraordinary and compelling reasons" to reduce his sentence at this time.

3

18 U.S.C. § 3582(c)(1)(A)(ii). For that reason, his Motion for Sentence Reduction (Filing No. 147) is denied.

Dated this 7th day of December 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge